```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: Oct. 3, 2007
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
ROBERT L. GARBER, Derivatively on Behalf
of LEHMAN BROTHERS HOLDINGS, INC.,

       Plaintiff,

                                  07 Civ. 2990 (DAB)

   -against-

RICHARD S. FULD, JR., MICHAEL L. AINSILE,
JOHN F. AKERS, ROGER S. BERLIND, THOMAS
H. CRUIKSHANK, MARSHA JOHNSON EVANS, SIR
CHRISTOPHER GENT, JOHN L. CECIL, ROLAND       ORDER
A. HERNANDEZ, JOHN D. MACOMBER, DINA
MERRILL, JONATHAN BEYMAN, DAVID GOLDFARB,
JOSEPH M. GREGORY, JEREMY M. ISAACS,
CHRISTOPHER O'MEARA, THOMAS A. RUSSO,
BRADLEY H. JACK, HENRY KAUFMAN, STEPHEN
M. LESSING, MICHAEL F. MCKEEVER, JEFFREY
VANDERBEEK,

       Individual Defendants,

   -and-

LEHMAN BROTHERS HOLDINGS, INC.,

       Nominal Defendant.
------------------------------------------X
DORIS STAEHR, Derivatively on Behalf
of LEHMAN BROTHERS HOLDINGS, INC.,

       Plaintiff,

                                  07 Civ. 3562 (DAB)

   -against-

RICHARD S. FULD, JR., JOSEPH M.
GREGORY, THOMAS A. RUSSO, DAVID GOLDFARB,
STEPHEN M. LESSING, JEREMY M. ISAACS,
CHRISTOPHER M. O'MEARA, JEFFREY A.
WELIKSON, HENRY KAUFMAN, ROGER S.
BERLIND, JOHN D. MACOMBER, MICHAEL L.
AINSILE, JOHN F. AKERS, THOMAS H.
CRUIKSHANK, CHRISTOPHER G. GENT, MARSHA

1

J. EVANS, BRADLEY H. JACK, JEFFREY
VANDERBEEK, MICHAEL F. MCKEEVER,
JOHN L. CECIL, CHARLES B. HINTZ,
ROBERT MATZA, JENNIFER MARRE, DINA
MERRILL, and HIDEICHIRO KOBAYASHI,

        Individual Defendants,

  -and-

LEHMAN BROTHERS HOLDINGS, INC., a
Delaware Corporation,

        Nominal Defendant.
------------------------------------X
LOCALS 302 & 612 OF THE INTERNATIONAL
UNION OF OPERATING ENGINEERS-EMPLOYERS
CONSTRUCTION INDUSTRY RETIREMENT TRUST,
Derivatively on Behalf of LEHMAN
BROTHERS HOLDINGS, INC.,

        Plaintiff,

                                           07 Civ. 3950 (DAB)

  -against-

RICHARD S. FULD, JR., JOSEPH M.
GREGORY, CHRISTOPHER M. O'MEARA,
THOMAS A. RUSSO, JEREMY M. ISAACS, DAVID
GOLDFARB, BRADLEY H. JACK, JEFFREY
VANDERBEEK, JONATHAN E. BEYMAN, MICHAEL
L. AINSILE, JOHN F. AKERS, ROGER S.
BERLIND, THOMAS H. CRUIKSHANK, MARSHA
JOHNSON EVANS, SIR CHRISTOPHER GENT,
ROLAND A. HERNANDEZ, HENRY KAUFMAN,
JOHN D. MACOMBER, and DINA MERRILL,

        Individual Defendants,

  -and-

LEHMAN BROTHERS HOLDINGS, INC., a
Delaware Corporation,

        Nominal Defendant.
------------------------------------X

DEBORAH A. BATTS, United States District Judge.

On August 14, 2007, Saginaw Police & Fire Board (Saginaw) filed a Motion for Intervention in the above-captioned action: 07 Civ 2990 (DAB). Defendant takes no position on the Motion for Intervention. (Defs. Mem. of Law dated August 15, 2007, n.3).

In order to grant a motion for permissive intervention the application must be timely and the party seeking to intervene must either have a conditional right to intervene under a federal statute or the applicant's claim must have a question of law or fact in common with the original claim. Fed.R.Civ.P. 24(b). In addition, the intervention must not cause undue delay or prejudice to the original parties. Id.; see also United States v. Columbia Pictures Indus., 88 F.R.D. 186 (S.D.N.Y. 1980) (citing United States Postal Serv. v. Brennan, 579 F.2d 188, 191 (2d Cir. 1978)). The district court's discretion under Rule 24(b)(2) is very broad. H.L. Hayden Co. of New York, Inc. v. Siemens Medical Systems, Inc., 797 F.2d 85, 89 (2nd Cir. 1986).

Saginaw is a multi-employer pension fund that has owned stock of Lehman Brothers Holdings, Inc. ("Lehman") since at least 1999. (Saginaw Mem. of Law at 2). They filed their Verified Complaint, along with their Motion, on August 14, 2007. The Court finds the application to be timely because the original Complaint was filed on April 13, 2007, four months prior.

3

The Court now turns to the other considerations. In order to grant this motion, the applicant must have a question of law or fact in common with the original claim. Here Saginaw asserts identical claims against identical Defendants arising out of the same allaged acts. Accordingly, a common question exists.

Next, the Court considers whether there will be undue delay or prejudice to the original parties if the intervention is permitted. Defendants do not oppose the motion. Further, pursuant to an Order of this Court, they have not yet answered the original Complaint. Given that identical issues are presented, the interests of justice weigh in favor of resolving all related claims similtaneously. Saginaw's Motion for Intervention is hereby GRANTED.

SO ORDERED.

Dated:   New York, New York
         October 3, 2007

_Deborah A. Batts_
Deborah A. Batts
United States District Judge